O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN LAMBERT,<br><br>         Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION dba AMTRAK, a<br>Company doing business in<br>California form unknown;<br>DIANE PITTS, an individual,<br><br>         Defendants.<br>_____ | Case No. CV 13-08316 DDP (MANx)<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR RELIEF FROM DEADLINES**<br><br>(DOCKET NUMBER 17) |

Plaintiff has filed an ex parte application seeking relief from the Court's scheduling order of March 24, 2014. Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Having considered the parties' submissions and the procedural history of the case, the Court finds good cause to modify the scheduling order.

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Defendants argue that Plaintiff has not been diligent in pursuing discovery,

1 because she had from March to October to seek the depositions and
2 information she now seeks and did not do so, despite having raised
3 the possibility of deposing at least two of the witnesses in
4 question. (Opp'n § III.C.1.)

5     But "diligence" presumes that things are functioning normally.
6 "Good cause" may be satisfied where there are "extraordinary" or
7 "extenuating circumstances." <u>Johnson</u>, 975 F.2d at 610. Here the
8 Court finds such an extraordinary circumstance in the total
9 breakdown in communication between lawyer and client following
10 mediation on August 18, 2014. (<u>See generally</u> Dkt. No. 12. <u>See
11 also</u> Opp'n at 8:16.) That breakdown made it essentially impossible
12 for discovery to continue, because attorney and client could not
13 coordinate efforts and play their respective roles.

14     Defendants argue that Plaintiff and her counsel should have
15 pursued this discovery "in the many months prior to the mediation."
16 (Opp'n at 8:18.) With hindsight, knowing that there would be a
17 breakdown in the attorney-client relationship, it is easy to say
18 that pursuing the discovery earlier would have been prudent. But
19 from Plaintiff's counsel's representations at oral arguments on the
20 motion to withdraw, it appears that all sides initially believed
21 the mediation was likely to lead to a successful settlement. And
22 if it did not, there were still nearly two months remaining on the
23 clock for fact discover afterward. (Scheduling Order, March 24,
24 2014.) Thus, Plaintiff and her counsel were not necessarily
25 neglecting their duty of diligence in not pursuing this discovery
26 prior to the mediation.

27     Additionally, Plaintiff's attorney likely did not expect to
28 remain as counsel after his motion to withdraw, and it would have

2

been reasonable of him to expect that the Court would grant new counsel an extension of time to repair any deficiencies in discovery that would have resulted from the failure of the relationship with prior counsel. Although the Court ultimately ruled that counsel could not withdraw, the same need to repair the damage done in the period when the relationship was non-functional nonetheless exists.

    Defendants also argue that Plaintiff's ex parte application is barred by Rule 6(b)(1)(B), which states that the court may extend a deadline "with or without motion" before the deadline has passed or "on motion" if it has already passed. Defendants argue that "on motion" means a noticed motion, and therefore the ex parte application is untimely because the fact discovery cut-off from which Plaintiff seeks relief has already passed. (Opp'n at 4:4-10.) But courts often consider ex parte motions[1] to extend time on their merits, even after the deadline has passed. See <u>Henderson v. United Student Aid Funds, Inc.</u>, No. 13CV1845-L BLM, 2014 WL 4658744, at *3 (S.D. Cal. Sept. 17, 2014); <u>Baker v. Ensign</u>, No. 11-CV-2060-BAS WVG, 2014 WL 4352167, at *4-5 (S.D. Cal. Aug. 29, 2014). Even the case Defendants cite for the proposition that a noticed motion is required nonetheless addresses the merits of the ex parte motion. <u>Gurvey v. Legend Films, Inc.</u>, No. 3:09-CV-00942 AJB, 2012 WL 4061773, at *5 (S.D. Cal. Sept. 14, 2012). And Rule 6

---

[1] There is no substantive difference between an "ex parte application" and an "ex parte motion." "The expression 'ex parte motion' is a term of art . . . . [It is] a 'hybrid' form of ex parte communication: a request for action by the court made outside the framework of the rules. These are usually captioned, 'Ex parte Application,' 'Ex parte Motion,' or 'Ex parte Request.'" <u>Mission Power Eng'g Co. v. Cont'l Cas. Co.</u>, 883 F. Supp. 488, 490 (C.D. Cal. 1995).

3

itself contemplates that "motions," under the rule, may be ex parte where appropriate. Fed. R. Civ. P. 6(c)(1)(A). The Court does not find the ex parte motion to be untimely.

Finally, the Court finds good cause to grant ex parte relief, because denying the application and requiring a noticed motion in this case would only further delay the required discovery and the trial date, because both sides would be prejudiced by such additional delay, and because Defendants have adequately and eloquently stated their objections to an extension of the scheduling order.

The scheduling order is hereby modified with the dates continued as follows:

FACT DISCOVERY CUT-OFF: 3-13-15

EXPERT DISCOVERY CUT-OFF: 1-26-15

LAST DAY TO FILE MOTIONS: 3-9-15

FINAL PRE TRIAL CONFERENCE: 6-1-15, at 11:00 a.m.

6 DAY JURY TRIAL: 6-9-15, at 9:00 a.m.

IT IS SO ORDERED.

Dated: November 24, 2014

DEAN D. PREGERSON
United States District Judge